# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.S.**

**No. 18-0261** (Barbour County 17-JA-14)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.P., by counsel Steven B. Nanners, appeals the Circuit Court of Barbour County's February 23, 2018, order terminating her parental rights to J.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley V. Williams Hunt, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to transport her to the dispositional hearing.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, the DHHR filed a petition alleging that petitioner was addicted to controlled substances, exposed J.S. to substance abuse, and could not provide a safe environment for the child. Additionally, petitioner was indicted for one count of burglary, one count of petit larceny, and one count of conspiracy to commit a felony in Taylor County and one count of possession with intent to deliver in Barbour County. Petitioner was incarcerated as a result of those charges.

In June of 2017, the circuit court held an adjudicatory hearing where petitioner testified to her long history of substance abuse and the circuit court adjudicated her as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, but her motion was denied. In

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not challenge the termination of her parental rights.

1

September of 2017, the circuit court granted petitioner a post-dispositional improvement period on the condition that she undergo inpatient substance abuse treatment. Petitioner was discharged from the substance abuse treatment facility after transporting urine and controlled substances into the facility.

The circuit court held a dispositional hearing in December of 2017; petitioner did not appear in person due to her incarceration, but was represented by counsel. The circuit court found that petitioner admitted to using controlled substances immediately after the circuit court granted her improvement period. The circuit court further found that petitioner was sentenced to a one to five year term of incarceration. Further, the circuit court found no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the welfare of the child. Accordingly, the circuit court terminated petitioner's parental rights in its February 23, 2018 order.[3] Petitioner now appeals that order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in failing to transport her to the dispositional hearing. Petitioner asserts that the dispositional hearing is a critical stage in abuse and neglect proceedings and that her due process rights were violated by the circuit court's failure to transport her. However, we find petitioner is entitled to no relief. We have previously held that

---

[3] J.S.'s father is participating in an improvement period and his parental rights remain intact. According to the parties, the child was placed with his maternal great grandmother and his permanency plan is reunification with his father or continuation in his current placement.

an incarcerated parent who is a respondent to an abuse and neglect proceeding must inform the circuit court in which such case is pending that he/she is incarcerated and *request the court's permission to attend the hearing(s) scheduled therein.* Once the circuit court has been so notified, by the respondent parent individually or by the respondent parent's counsel, the determination of whether to permit the incarcerated parent to attend such hearing(s) rests in the court's sound discretion.

*In re Stephen Tyler R.*, 213 W.Va. 725, 584 S.E.2d 581 (2003) (emphasis added). Petitioner does not cite to a place in the record where she requested to be transported to the dispositional hearing or where counsel objected to her absence. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 679 S.E.2d 650 (2009). Accordingly, we decline to consider this error on appeal.

Lastly, because the parties indicate that the proceedings regarding the father are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 23, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

4